IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Kirti Mehta, et al., | ) | |
|     Plaintiffs, | ) | Case No:   12 C 6216 |
| | ) | |
| v. | ) | |
| | ) | Judge:   Kennelly |
| Vill. of Bolingbrook, et al., | ) | |
|     Defendants. | ) | |

## ORDER

The Court rules on plaintiffs' motion to show cause [# 57] as stated below.   The motion is hereby terminated based on the Court's ruling.

## STATEMENT

Plaintiffs have moved for a rule to show cause, seeking sanctions for what they contend is defendants' failure to properly answer certain discovery requests, specifically, plaintiffs' interrogatories 11, 12, and 13, and document requests 19, 23, and 25.   The Court made oral rulings on aspects of the motion in open court on 1/29/2014 and memorializes those rulings and its additional rulings as follows:

Interrogatories

      11.   As to subpart 1, defendants state that police reports previously produced identify all police officers who came or responded on 8/18-19/2010.   If so, this is a complete response to subpart 1.   Defendants are directed to specify in writing to plaintiffs within 10 days of this order the particular reports that they say identify all of the officers as requested.   See Fed. R. Civ. P. 33(d)(1).   Plaintiffs contend that there were more officers on the scene than those named in the police reports and that defendants have given a false answer when they say the reports identify everyone.   This is not the sort of dispute that the Court can adjudicate on the record as it now stands.   In order for the Court to conduct further proceedings on this point, plaintiffs would need to provide some evidence (for example, photographs or a sworn affidavit) that tend to show that there were officers there other than those named in the reports.

      As to subpart 2, defendants have responded that they are unaware of any meeting between any police officers and Mary Rennels at the Beaconridge office on 8/19/2010.   This is a complete response to the interrogatory.   A court may impose a sanction for a false discovery answer, but plaintiffs have not yet shown this answer to be false.

      12.   As to subparts 1, 2, 5, and 6, defendants have appropriately answered by making reference to particular records disclosed during discovery.   See Fed. R. Civ. P.

33(d)(1). Defendants are presumably aware that because they chose to answer this and other interrogatories by referring only to documents, they are stuck with whatever answers are provided by the documents and may be precluded from later offering evidence that varies from what the documents say.

As to subpart 3, defendants deny that there was a discussion of the type asked about in this interrogatory. This is a complete response.

As to subparts 4 and 8, defendants' narrative answers are complete and therefore adequate.

As to subpart 7, the Court agrees with defendants that the interrogatory is unintelligible as it has been worded by plaintiffs.

As to subpart 9, the Court agrees with defendants that the interrogatory is overly broad and unduly burdensome. Defendants need not answer it.

13. As to subpart 1, defendants have responded by stating that all officers on the scene were identified in reports previously produced. As with subpart 1 of interrogatory 11, defendants are directed to specify in writing to plaintiffs within 10 days of this order the particular reports that they say identify all of the officers as requested. See Fed. R. Civ. P. 33(d)(1).

Defendants' answers to subparts 2 and 3, asking what evidence was gathered and what further investigation was done, are unclear from the face of their amended answers. Defendants stated in an earlier filing before the Court, however, that they have provided all documentation they have regarding the events referenced in this interrogatory (which involved gunshots allegedly fired at plaintiffs' home on 5/9/2011). See Defs.' Resp. to Pls.' Mot. to Compel Discovery, p. 10 (dkt.no. 46, filed 11/20/2013). The Court cannot say whether Defendants' reference to those reports is a sufficiently complete answer to this interrogatory, which requests information about the investigation into the incident. Defendants are directed to supplement their answer to this interrogatory within 10 days to provide a complete answer.

Document requests

19. Plaintiff Kirti Mehta clarified this request in court on 1/29/2014; he stated that he is asking for documents relating to investigations or inquiries, if any, that were done by the Bolingbrook police in response to complaints he and his family members have made regarding police officers. If plaintiffs want to pursue this request, they will have to provide further information to defendants' counsel, in particular any names and/or approximate dates of any such complaints, and if plaintiffs do so promptly (within 10 days of this order), defendants are to produce the relevant records within 14 days thereafter.

23. Request 23 seeks all HR-type documents for all Bolingbrook police officers who have ever come into contact with plaintiffs. This interrogatory imposes an undue

burden on defendants, in part because plaintiffs have not provided names for any particular officers.   Defendants need not respond further.

       25.   Request 25 seeks information regarding a letter that plaintiff Kirti Mehta says he received from Barry Moss, an attorney for Bolingbrook, in connection with an earlier lawsuit, Case No. 00 C 2130.   Defendants have represented that no hard copy of the purported letter exists.   The interrogatory also seeks electronic information (store copies, backup copies, etc.).   The Court believes that defendants are aware of the date or approximate date of the letter, which corresponds roughly to when the earlier suit was dismissed.   As stated in court on 1/29/2014, defendants are directed to undertake due diligence to ascertain whether any electronic version of the letter still exists, and if so to produce it to plaintiffs, and if not to provide sworn written verification of the search efforts and results.   This is to be done within 14 days of this order.

                                                                           _____
                                                                           MATTHEW F. KENNELLY
                                                                           United States District Judge

Date:   January 30, 2014