# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KIRTI MEHTA, et al., ) <br> ) <br>         Plaintiffs, ) <br>   vs. ) <br> ) <br> VILLAGE OF BOLINGBROOK, et al., ) <br> ) <br>         Defendants. ) | Case No. 12 C 6216 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In their original complaint in this lawsuit, filed on August 7, 2012, plaintiffs Kirti, Keval, Kishan, and April Mehta alleged that the defendants, the Village of Bolingbrook and deputy chief of police Tom Ross, had engaged in a pattern of wrongful and discriminatory conduct directed at them, going back to 1996. Plaintiffs alleged that defendants had failed to investigate crimes committed against them; had framed certain plaintiffs on criminal charges; and had subjected them to stop and search on sight without cause. From 2006 on, plaintiffs alleged, defendants did all of this in order to drive plaintiffs out of their neighborhood in Bolingbrook, a housing development known as Beaconridge. Plaintiffs' complaint made specific reference to an incident on August 18-19, 2010, when gunshots were filed at plaintiffs' home. After they called 911, the police came but, after talking to the manager of the housing development, failed to investigate the shooting. A second similar shooting incident occurred on May 9, 2011, plaintiffs alleged, with a similar lack of action on the part of the police.

Plaintiffs further alleged that on August 5, 2011, Bolingbrook police officers

instituted false felony charges against Keval and Kishan Mehta for a crime alleged to have occurred on February 18, 2011. This was done in part, plaintiffs allege, to retaliate for the reinstatement of an earlier lawsuit Kirti Mehta had filed against Bolingbrook.

The original complaint included four claims. Count 1 was a claim under 42 U.S.C. §1983 alleging that the above-described misconduct and inaction was based on plaintiffs' race and national origin. Count 2 was a claim under the Fair Housing Act alleging a race and national origin-based attempt to drive plaintiffs out of their home in Bolingbrook. Count 3 was a claim of race-based housing discrimination under 42 U.S.C. § 1982. Count 4 was a claim under 42 U.S.C. § 1981 for retaliation; plaintiffs alleged that defendants had intimidated and harassed them to retaliate for the earlier lawsuit.

On November 20, 2012, the Court stayed the case, but only in part. Because the above-referenced criminal charges against Keval and Kishan Mehta were still pending in state court, the Court stayed any "claims relating to the allegedly false arrest and improper charging" of those two plaintiffs. The Court otherwise declined to enter a stay and directed defendants to answer the complaint.

The state court criminal charges against Keval and Kishan Mehta were ultimately concluded by way of a conviction of both of them. (They have since moved to vacate their convictions, but at present the convictions remain on the books.) Accordingly, on November 6, 2013, the Court lifted the previously-imposed stay. Defendants then moved to dismiss Keval and Kishan Mehta's claims arising from the August 2011 arrest, arguing that the claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because their convictions had not been overturned. The Court denied this motion in an

oral ruling on January 29, 2014, concluding that *Heck* does not bar a claim of false arrest because such a claim does not necessarily imply the invalidity of a later conviction on the charge for which the plaintiff was arrested.

Plaintiffs later sought leave to file an amended complaint, adding one more plaintiff and several claims. After briefing and argument, the Court made an oral ruling on June 4, 2014, summarized in an order entered that same date. The Court gave plaintiffs leave to amend to include claims arising from incidents in March and April 2014, as well as the defendants claimed to have been involved in those incidents and the additional plaintiff—Ketan Mehta—involved in one of them. The Court declined leave to amend to include other, earlier incidents not referenced in the original complaint and the defendants involved in those incidents, finding that such claims were time-barred. Plaintiffs then moved for reconsideration. In an oral ruling on June 18, 2014 summarized in an order of the same date, the Court expanded its earlier ruling to permit Kishan and Keval Mehta to add claims and defendants arising from their August 2011 arrest that had been the subject of claims in their original complaint. The Court otherwise reaffirmed its June 4 ruling, again concluding that new claims and defendants relating to other, earlier incidents not referenced in the original complaint were time-barred.

Plaintiffs then filed, at the Court's direction, an amended complaint including only the claims the Court had allowed to proceed. Plaintiffs emphasize in their amended complaint that their claims involve events "from August 2010 to Current [sic] as to comply [with] Two years statue [sic] of limitation." Am. Compl. ¶ 4(c). The amended complaint includes eight claims. Count 1 is a claim of discrimination based on national

origin and religion in violation of the Fourteenth Amendment's Equal Protection Clause. Count 2 is a claim of national origin and religion-based discrimination under 42 U.S.C. §1983. Count 3 is a claim of housing discrimination under 42 U.S.C. § 3617. Count 4 is a claim of housing discrimination under 42 U.S.C. § 1982. Count 5 is a claim under 42 U.S.C. § 1981 for retaliation for filing and prosecuting an earlier lawsuit. Count 6 is a claim of false arrest and false imprisonment based on the August 9, 2011 arrest of Keval and Kishan Mehta. Count 7 is a claim by Keval and Kishan Mehta for emotional distress arising from the same incident. Count 8 is a claim by Keval and Kishan Mehta for willful and wanton misconduct arising from the same incident.

Defendants have moved to dismiss all of the claims in whole or in part. The Court deals with each claim in turn.

**1.    Count 1 – equal protection claim**

The Court agrees with defendants that Counts 1 and 2 completely overlap. Count 1 is a claim of discrimination in violation of the Equal Protection Clause. Count 2 is also a claim of discrimination, made under 42 U.S.C. §1983. Section 1983 is the vehicle by which one asserts a claim for a violation of constitutional rights. There is no need, and no appropriate purpose, to have two separate claims that allege the same thing. Because Count 2 cites the statute that enables plaintiffs to sue, the Court dismisses Count 1 as duplicative of Count 2.

**2.    Count 2 – claim under 42 U.S.C. § 1983**

    **a.    Statute of limitations / relation back**

Defendants' primary problem with Count 2 appears to be that they believe the claim is based on pre-June 19, 2012 incidents (June 19, 2012 is two years before the

date plaintiffs filed the amended complaint). Indeed it is; plaintiffs base this claim in part on the August 2010 incident described earlier. And as the Court has noted, plaintiffs make clear in their amended complaint that they are basing their claim on matters that occurred from August 2010 to the present.

For purposes of Count 2, the law does not limit plaintiffs to events that occurred two years or less before they filed the amended complaint in June 2014. Plaintiffs' section 1983 discrimination claim has been in the complaint from day one. For this reason, the amended version, insofar as it involves the same defendants originally named, relates back to the date the lawsuit was filed, see Fed. R. Civ. P. 15(c)(1)(B), and the two-year limitations period runs back two years prior to that date, in other words, back to August 7, 2010. Count 2 is therefore timely as to the Village and Ross, who were named as defendants in the original complaint. See Defs.' Mem. in Support of Mot. to Dismiss at 8 n.3 (declining to seek dismissal of Count 2 as to the Village and Ross on this basis). Plaintiffs' reference in Count 2 to incidents predating August 2010 is not a basis to dismiss the claim, given plaintiffs' express limitation of the claim to events occurring in August 2010 and later. Now is not the time to decide whether plaintiffs may introduce earlier incidents as evidence on Count 2 even though they cannot assert claims arising from those incidents.

The timeliness problem with Count 2 concerns any newly-named defendants whom plaintiffs intend to sue on this claim. The original defendants, as indicated above, were the Village and Ross. It is not crystal clear which other defendants are named in this claim in the amended complaint. But if one reviews the narrative description in the amended complaint of the incidents occurring in August 2010 and later, it appears that

plaintiffs are naming the following police officer defendants. In this list, the Court has spelled the names as plaintiffs did in the cited portions of the amended complaint.

- August 18-19, 2010: Sergeant Champ Evans and Officers Christopher Kushenbach, Thomas McAlluf, and Robert Liazuk. Am. Compl., ¶ 5.
- April 2011 (no specific date): Officer Patrick Kinsella. *Id.* at p. 17 fn. 4.
- May 9, 2011: Detective Sean Talbot and Officers Steven Sinnott, Christopher Witt, Andrew Saga, and David Henzler. *Id.* ¶ 10.
- June 2011 (no specific date): Officer Vince Radaker. *Id.* at p. 16 fn. 3.
- August 5, 2011: Detective Sean Talbot, *id.* ¶ 13, as well as, possibly, Officers Andrew Sraga and Antonio Tucker. *Id.* ¶ 14.
- March 9, 2014: Officer Vince Redaker, Sergeant Brant Duvall, Officer Joseph Hilbruner, and Officer Davi. *Id.* ¶¶ 16 & 18.
- March 25, 2014 (mistakenly described in the complaint as March 19, 2014): Officers Joseph Poradyla and Thomas Gallas. *Id.* ¶ 15.
- April 5, 2014: Officer Thomas McAuliff. *Id.* ¶ 17.

The Court has omitted unidentified officers from the incidents just listed and has also omitted post-August 2010 incidents where plaintiffs say they do not know the identities of the officers.

First, because the amended complaint was filed just a matter of months after the March and April 2014 incidents, the officers named for those incidents do not have a viable statute of limitations defense.

Second, the claims against the newly-named officers for the August 2010, April 2011, May 2011, and June 2011 incidents do not relate back to the date the original

6

complaint was filed. Under Federal Rule of Civil Procedure 15(c)(1), an amended pleading that adds a party relates back to the date of the original pleading when:

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C). "The question under Rule 15(c)(1)(C)(ii) is not whether [the plaintiff] knew or should have known the identity of [the newly-named defendant] as the proper defendant, but whether [that defendant] knew or should have known that it would have been named as a defendant but for an error." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548 (2010). The Seventh Circuit has stated that

> [t]he only two inquiries that the district court is [after *Krupski*] now permitted to make in deciding whether an amended complaint relates back to the date of the original one are, first, whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and second, whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself.

*Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 560 (7th Cir.2011). "Rule 15(c)(1)(C)(ii) asks what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing her original complaint." *Krupski*, 560 U.S. at 548.

Plaintiffs offer no basis whatsoever that would support a finding that the newly-named defendants regarding the August 2010, April 2011, May 2011, and June 2011

7

incidents had any awareness, or should have been aware, that they would have been named as defendants but for a mistake by the plaintiffs. Thus the claims against the defendants do not relate back to the date the original complaint was filed. As a result, the claims against the individual officers (other than Ross) arising from these incidents are untimely because they were filed more than two years from the arrests, stops, seizures, and other events in question.

Plaintiffs appear to argue a "continuing violation" of their rights in order to avoid the operation of the statute of limitations. But in a case like this, in which plaintiffs allege a series of independently-actionable infringements of their rights, "[e]ach discrete act—something wrongful independent of other events—carries its own period of limitations . . . ." *Morris v. Burge*, 771 F.3d 444, 447 (7th Cir. 2014) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)). "Alleging a common motive or conspiracy," as plaintiffs do, does not avoid this rule. *Id.* For these reasons, plaintiffs cannot assert claims against any individual defendant other than Ross arising from the August 2010, April 2011, May 2011, and June 2011 incidents.

Finally, matters are different with regard to Keval and Kishan Mehta's claims arising from their arrest in August 2011 (because only they were arrested, only they can assert claims arising from the arrest). As indicated earlier, the Court—at defendants' request—stayed all proceedings in the present matter regarding Keval and Kishan's claims arising from that incident. Because Keval and Kishan were precluded by Court order from pursuing those claims, the statute of limitations on their claims regarding this incident was tolled while the stay was in effect. Thus the individual defendants they have named on their claims arising from the August 2011 arrest do not have a viable

8

statute of limitations defense.

To summarize the Court's statute of limitations ruling regarding Count 2:

- the Village and Ross are not entitled to dismissal based on the statute of limitations;

- the claims against any other individual defendants arising from the August 2010, April 2011, May 2011, and June 2011 are dismissed based on the statute of limitations;

- the individual defendants named in connection with the arrest of Keval and Kishan Mehta in August 2011 are not entitled to dismissal based on the statute of limitations; and

- those defendants named in connection with claims arising from the March and April 2012 incidents are not entitled to dismissal based on the statute of limitations.

**b.     Claims of Ketan and Kishan Mehta relating to March 9, 2014 incident**

Defendants argue that plaintiffs Kishan and Ketan Mehta have pled themselves out of court for their claims arising from the March 9, 2014 stop and search, because they admit in their complaint that the officers cited Kishan Mehta's parole status in stopping and searching him. Defendants argue that "parolees can be stopped and searched absent any suspicion," citing *Samson v. California*, 547 U.S. 843 (2006), and *People v. Wilson*, 228 Ill. 2d 35, 885 N.E.2d 1033 (2008). In *Samson*, the Court concluded that the Fourth Amendment did not bar a suspicionless search of a California parolee. This was premised upon the diminished expectation of privacy resulting from the fact that California required inmates who opt for parole to submit to suspicionless

searches by either parole officers or police officers at any time. *See Samson*, 547 U.S. at 851-52, 857. In reaching a similar result in *Wilson*, the Illinois Supreme Court relied on the defendant's mandatory supervised release agreement (MSR is the Illinois equivalent of parole), which contained a term stating that the defendant "consent[s] to a search of [his] person, property, or residence under [his] control." *Wilson*, 228 Ill. 2d at 48-49, 885 N.E.2d at 1041-42. Because that term is a condition of all terms of MSR in Illinois, *see* 730 ILCS 5/3-3-7(a)(10), it applied to Kishan Mehta too. For this reason, and because the complaint concedes the officer's awareness of Kishan's parole status and his reliance on that status as a basis for the stop and search, Kishan cannot assert a viable claim arising from the March 9, 2014 incident.

The same prohibition does not apply, however, to the claim asserted by Ketan Mehta. He alleges that he was searched without basis as well. Defendants do not contend that Ketan was on MSR or parole. Thus Ketan can maintain a claim arising from the March 9, 2014 stop and search even though Kishan cannot.

    **c.**     **Claim of Keval Mehta relating to March 25, 2014 incident**

Defendants argue that Keval Mehta's claim arising from the March 25, 2014 incident, in which he was issued two traffic citations, is barred because he was found guilty on one of the two citations, specifically a citation for failure to signal a turn. *See* Defs.' Ex. B, a public record of which the Court takes judicial notice. Among other things, defendants argue that Keval's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* bars a lawsuit under section 1983 where a judgment in favor of the plaintiff necessarily would imply the invalidity of his criminal conviction, unless the criminal conviction has been vacated. *Id.* at 487. A false arrest claim typically does not

10

imply the invalidity of a later conviction on the charge that was the subject of the arrest, and thus most Fourth Amendment-based claims arising from an arrest can go forward despite the fact that the civil-case plaintiff (the criminal-case defendant) was convicted. *See, e.g., Easterling v. Moeller*, 334 F. App'x 22, 23 (7th Cir. 2009). If, however, the plaintiff's false arrest claim is based on "allegations that are inconsistent with his conviction's having been valid, *Heck* kicks in and bars his civil suit." *Gordon v. Miller*, 528 F. App'x 673, 674 (7th Cir. 2013) (internal quotation marks omitted); *see also Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003).

In this case, Keval Mehta's claim regarding the March 19, 2014 stop and resulting citations is, in fact, based on allegations that are inconsistent with his conviction on the charge of failure to signal a turn. He alleges that the purported basis for the stop—that his car had a loud muffler and that he had failed to signal a turn—was made up by the police. Am. Compl. ¶ 15. Thus the basis for Keval's section 1983 claim is inconsistent with his conviction on the failure to signal charge. *Heck* therefore bars the claim, because the conviction has not been vacated.

It could be argued that because Keval was not convicted on the charge for a loud muffler, his suit, to the extent it is premised on that charge, is not inconsistent with any sort of conviction. But under the Fourth Amendment, a police officer needs only one basis to seize a person, so one valid basis for seizure is sufficient even if the others cited are not. *See Devenpeck v. Alford*, 543 U.S. 146, 153 (2004); *see also, e.g., Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007).

The Court agrees with those courts that have determined that *Heck* applies to traffic citations—at least those, like this one, in which there was a conviction following a

trial—just as it applies to convictions on more serious charges. *See Stone v. Vill. of Broadview*, No. 13 C 9316, 2014 WL 3397222, at *4 (N.D. Ill. July 11, 2014) (Dow, J.).

For these reasons, Keval may not maintain a section 1983 claim arising from the March 25, 2014 incident.

### d. Claim of Keval and Kishan Mehta relating to August 2011 arrest

Defendants argue that Keval and Kishan Mehta's section 1983 claims arising from the August 2011 arrest for an alleged robbery in February 2011 are likewise barred by *Heck* because the convictions have not been overturned. The Court previously rejected this argument in an oral ruling after it lifted the stay on Keval and Kishan's claims. The Court has now concluded, however, that the ruling was incorrect and that it should have dismissed the section 1983 claims by Keval and Kishan arising from this arrest. The Court's earlier ruling was premised on the proposition that under *Heck v. Humphrey*, a Fourth Amendment claim that challenges only an arrest and not a criminal conviction is not barred. That is true as far as it goes, but as the Court noted in the previous section of this decision, when a civil claim under section 1983 challenging an arrest is based on allegations that are inconsistent with the validity of the ensuing conviction, *Heck* bars the civil claim. *See supra* at 11. In this case, plaintiffs allege that Bolingbrook police officer Sean Talbot "knowingly & intentionally engaged and perjured him [sic] before the grand jury to get [an] indictment" and that the police "coerced" the complaining witness, Mark Escobedo. Am. Compl. ¶ 13. In short, plaintiffs contend that Talbot was "framing" the Mehtas for the February 2011 robbery. *Id.* Because the basis for Keval and Kishan's section 1983 claim is inconsistent with their conviction on the robbery charge, and because that conviction has not been vacated, they may not

maintain the section 1983 claim.

3. **Count 3 – Fair Housing Act claim**

Defendants argue that Count 3, plaintiffs' Fair Housing Act (FHA) claim, appropriately may cover only conduct stretching back to June 19, 2012, two years before plaintiffs filed the amended complaint. That argument lacks merit. This claim was included in plaintiffs' original complaint, so it relates back to August 7, 2012, when the lawsuit was first filed. A claim under the FHA may be brought "not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice, or the breach of a conciliation agreement entered into under this subchapter, whichever occurs last . . . ." 42 U.S.C. § 3613(a)(1)(A). Thus even if defendants are right about how the statute of limitations works for a FHA claim like the one plaintiffs have made, plaintiffs would be able to reach back to August 7, 2010.

The Court concludes, however, that plaintiffs' FHA claim is not limited for statute of limitations purposes in the same way that their section 1983 claim is constrained. In contrast to plaintiffs' section 1983 claims arising from wrongful police seizures and searches, what they allege in Count 3 is a single and ongoing course of conduct aimed at driving them from their home in Bolingbrook due to their national origin and religion. In that regard, the FHA claim is similar for statute of limitations purposes to an employee's claim that he was discriminated against on the job by being subjected to a hostile work environment based on (for example) his race. In such a case, each individual incident that contributes to a hostile work environment is not necessarily actionable on its own, and thus the statute of limitations does not run from each particular incident that forms the basis for the hostile work environment claim. As the

13

Supreme Court indicated in *National Railroad Passenger Corp. v. Morgan*, an unlawful practice of this type "cannot be said to occur on any particular day. It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." *Morgan*, 536 U.S. at 114. When that occurs, *Morgan* says, application of the continuing violation doctrine is appropriate when considering a statute of limitations defense.

The Court concludes that this rule applies here. No single incident of false arrest or failure to investigate is claimed to entitle plaintiffs to relief under FHA; rather, it is the entire course of conduct. Thus the continuing violation doctrine applies. The Court therefore Court rejects defendants' statute of limitations argument with regard to Count 3.

Defendants' other basis for dismissing Count 3 fares somewhat better. Defendants complain that plaintiffs have not specifically identified which defendants they are suing on Count 3, and they contend that some of the individual defendants are not alleged to have been a part of any purported effort to drive plaintiffs from their home. The Court is not sure about the latter point, but the former point is well taken. In order to comply with the requirements of Federal Rule of Civil Procedure 8(a), plaintiffs need to identify in their complaint which defendants they contend are liable for violating the FHA, and they must describe the basis for the liability of each such defendant. The Court therefore dismisses Count 3, with leave to amend. Any amended complaint must comply with the terms of this order.

In deciding whether and how to amend Count 3, plaintiffs are advised that to prevail on a FHA claim under 42 U.S.C. § 3617 against a given defendant, a plaintiff

must prove that he "(1) [he or] she is a protected individual under the FHA, (2) [he or] she was engaged in the exercise or enjoyment of her fair housing rights, (3) the defendants coerced, threatened, intimidated, or interfered with the plaintiff on account of [his or] her protected activity under the FHA, and (4) the defendants were motivated by an intent to discriminate." *Bloch v. Frischholz*, 587 F.3d 771, 783 (7th Cir. 2009). Before filing an amended complaint identifying which defendants they are suing under section 3617 and the basis for the liability of each, plaintiffs should take care to examine whether they can meet the requirements of Federal Rule of Civil Procedure 11(b) as to any given defendant. Rule 11(b) says that a litigant's signature on a complaint naming a defendant constitutes a certification that to the best of the plaintiff's knowledge, information and belief, formed after reasonable inquiry, the plaintiff's allegations on this claim as to a particular defendant "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). A party whose complaint, motion, or other court filing runs afoul of this rule subjects him or herself to the imposition of sanctions under Federal Rule of Civil Procedure 11(c).

**4.      Count 4 – claim under 42 U.S.C. § 1982**

Count 4 is a claim under 42 U.S.C. § 1982, which provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." Defendants have moved to dismiss this claim on the same basis upon which they sought dismissal of Count 3. Consistent with its rulings on that claim, the Court rejects defendants' statute of limitations defense to Count 4, but dismisses the

claim with leave to amend for the reasons described regarding Count 3, and with the same admonitions made regarding Count 3.

### 5. Count 5 – claim under 42 U.S.C. § 1981

Count 5 is a claim under 42 U.S.C. § 1981. Defendants correctly argue that a plaintiff may not assert a claim against a municipal entity or employee under section 1981; section 1983 is the vehicle by which claims against governmental actors for conduct that might be covered by section 1981 may be asserted. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731 (1989). And if, for this reason, one were to interpret Count 5 as a section 1983 claim, the claim would duplicate Count 2. The Court therefore dismisses Count 5 as a separate claim.

### 6. Counts 6, 7 and 8 – claims concerning August 2011 arrest

Counts 6, 7, and 8 are claims by Keval and Kishan Mehta arising from their August 2011 arrest. The Court understands Count 6 as a claim under section 1983 for false arrest in violation of Keval and Kishan's rights under the Fourth Amendment. *See* Count 6, ¶ 1(A) (citing the U.S. Constitution). This claim is barred by *Heck v. Humphrey* for the reasons discussed earlier. *See supra* at 12-13.

Defendants contend that Count 7 is not really a separate claim but rather is only a request for an additional type of damages—emotional distress—for the conduct alleged in Count 6. The Court disagrees. It appears that Count 7 is a claim under Illinois law for intentional infliction of emotional distress (IIED). If, however, an IIED claim is predicated on an allegation that the police framed the plaintiff for a crime, then it cannot be asserted unless and until the underlying conviction is vacated. *See Parish v. City of Elkhart*, 614 F.3d 677, 683-84 (7th Cir. 2010) (Indiana law).

Count 8 is a claim of willful and wanton misconduct under Illinois law. It is premised upon defendant Talbot's allegedly false grand jury testimony that led to the robbery charge against Keval and Kishan Mehta. See Count 8, ¶ 1(A). Under Illinois law, however, a witness before a grand jury is entitled to absolute immunity from a lawsuit that is based on his testimony. See *Barnes v. Martin*, 2014 IL App (2d) 140095-U, ¶ 57 (2014) (citing *Rehberg v. Paulk*, 132 S. Ct. 1497, 1506 (2012), which applies this rule to suits under 42 U.S.C. §1983).

For these reasons, the Court dismisses Counts 6, 7, and 8.

## 7. Liability of Village and Ross

Under section 1983,

> a local government may not be sued . . . for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible . . . .

*Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). Proof of "a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law" is sufficient to show a policy or custom under *Monell*. See, e.g., *Palka v. City of Chicago*, 662 F.3d 428, 434 (7th Cir. 2011).

Defendants argue that plaintiffs have failed to allege a basis for municipal liability under section 1983 and, presumably, under the Fair Housing Act. The Court disagrees. It is true that plaintiffs do not use the words "policy" or "custom" in their complaint. But they allege, sufficiently to avoid dismissal, a systematic effort carried out at all levels of the Bolingbrook Police Department to drive them out of their neighborhood and the Village through arrests, searches, seizures, and other forms of harassment.

Defendants argue that to prove a custom or policy, it is insufficient for plaintiffs to rely only on evidence that involves their own interactions with Village personnel. However, the authorities defendants for this concern allegations of "isolated" incidents, which is the opposite of what plaintiffs allege. In any event, a plaintiff does not have to plead evidence in his complaint. Plaintiffs' allegations are sufficient to state a claim against the Village.

The Court also declines to dismiss Deputy Chief Ross. Defendants argue that plaintiffs have not supported their allegation that he was involved in directing other officers who were involved in the various arrests, seizures, searches, and other incidents alleged in the complaint. But a plaintiff does not have to prove his case to avoid dismissal for failure to state a claim. Plaintiffs' allegations regarding Ross are sufficient to state a claim against him.

### 8. Kirti Mehta, April Mehta, and Ketan Mehta

Defendants argues that three of the plaintiffs, Kirti Mehta, April Mehta, and Ketan Mehta should be dismissed because they do not allege any actionable wrongs. The Court disagrees. April Mehta cites an April 2011 incident in which she was stopped and searched without probable cause. *See* Am. Compl., p. 17 fn. 4. The Court has declined to dismiss Ketan Mehta's claim arising from the March 9, 2014 stop and search. *Id.* ¶ 18. And although Kirti Mehta does not allege that he was arrested, stopped, or searched at any time within the two years predating the filing of this lawsuit, he alleges that he (along with each of the other plaintiffs) was a victim of the alleged effort to drive him and his family from their home. There is no appropriate basis for the complete dismissal of any of these three plaintiffs.

## Conclusion

The Court summarizes its rulings as follows:

- Count 1 is dismissed as duplicative of Count 2;

- Count 2 stands as to claims arising from the alleged incidents from August 7, 2010 to the present against defendants Village of Bolingbrook and Ross on; as to the claim by Ketan Mehta (but not Kishan Mehta) arising from the alleged March 9, 2014 incident against defendants Redaker, Duvall, Hilbruner, and Davi; and as to the claim by Kishan Mehta arising from the April 5, 2014 incident against defendant McAuliff;

- Count 2 is otherwise dismissed;

- Counts 3 and 4 are dismissed, with leave to amend, by no later than January 14, 2015; and

- Counts 5, 6, 7, and 8 are dismissed.

The case is set for a status hearing on January 21, 2015 at 9:30 a.m.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: December 29, 2014